



THE CITY OF NEW YORK
LAW DEPARTMENT
100 Church St.
New York, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**JOYCE CAMPBELL PRIVÉTERRE**
*Special Federal Litigation Division*
(212) 788-1277
Fax: (212) 788-9776



April 24, 2008

*[handwritten: The two motion returnable 5/7]*

<u>Via Facsimile (212) 805-7925</u>
Honorable Robert W. Sweet
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Clifton Thomas v. City of New York et al.
             1:07-cv-11425-RWS

Your Honor:

      I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to the defense of this action, purportedly commenced pursuant to 42 U.S.C. § 1983. Plaintiff has filed the above-referenced complaint, wherein he alleges, *inter alia*, that on March 8, 2007, he was falsely arrested and detained by New York City police officers. Plaintiff further asserts a claim for malicious prosecution.

      I write to respectfully request that the Court issue a stay of civil proceedings pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.S. Appx. § 521 (2004).[1] I have recently learned that the arresting officer, Police Officer Michael Gibbs, commenced active military duty and military leave from the New York City Police Department on October 10, 2007. Presumably, plaintiff will amend his complaint to name Police Officer Gibbs as a defendant. Consequently, the defense of this action will be compromised if Officer Gibbs is

---

[1] Section 521 states that: "In an action covered by this section in which the defendant is in military service, the court shall grant a stay of proceedings for a minimum period of 90 days under this subsection upon application of counsel, or on the court's own motion, if the court determines that – (1) there may be a defense to the action and a defense cannot be presented without the presence of the defendant; or (2) after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists."

*[handwritten at bottom: This motion is denied, Officer Gibbs not being a defendant, with leave granted to renew. So ordered. Sweet USDJ 5-28-08]*

unavailable to testify to the facts underlying the probable cause for the arrest. Plaintiff's attorney, Wale Mosaku, Esq., has indicated that he intends to oppose this application.

This office does not represent Officer Gibbs, nor can we undertake a representational decision until he returns from service, is properly served and requests representation from this office. See Mercurio v. City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision as to whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

As Officer Gibbs was the arresting officer, and presumably has knowledge concerning any observations or information that formed the basis for the probable cause to arrest plaintiff, it is respectfully submitted that defendant City's defense is materially affected by his military service. See Kee v. Hasty, 2004 U.S. Dist. LEXIS 6385, at *20-21 (S.D.N.Y. Apr. 14, 2004) (Magistrate's report and recommendation) (recommending that action be stayed as to defendant on active military duty overseas, recognizing that his absence materially affected his defense of the case); Franklin v. Balestrieri, et al., 2002 U.S. Dist. LEXIS 458, at *2 (S.D.N.Y. Jan. 14, 2002) (action stayed where defendant officer was activated to military duty in Washington D.C., on grounds that the officer's military duty materially affected his ability to conduct his defense). The purpose of this statute is to prevent adverse consequences to members of the armed services who are unable to appear and defend themselves. United States v. Kaufman, 453 F.2d 306, 308-09 (2d Cir. 1971) (citation omitted).

Accordingly, defendant City requests a stay of this matter until Officer Michael Gibbs returns from military leave.[2]

Thank you for your consideration herein.

Respectfully submitted,

Joyce Campbell Priyéterre
Assistant Corporation Counsel

---

[2] The undersigned has requested and is awaiting information from the Military and Extended Leave Desk concerning Officer Gibbs's anticipated return date, and will provide that information to the Court and plaintiff's counsel immediately upon receipt.