UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CLIFTON THOMAS,

                              Plaintiff,            CV O7 11425 (RWS)

                                                    NOTICE OF MOTION

        -against-

THE CITY OF NEW YORK and
POLICE OFFICERS JOHN DOE 1-6,
                              Defendants.
-----------------------------------------------------------------------X

PLEASE TAKE NOTICE, that upon the annexed affirmation of WALE MOSAKU,

ESQ., affirmed on the 28th day of July, 2008, the exhibits annexed hereto, and all the

pleadings and proceedings heretofore had herein, the undersigned will move this Court,

before the Honorable Robert W. Sweet, United States District Judge, at the courthouse

located at 500 Pearl Street, New York, New York 10007, on August 13, 2008, at 12:00

p.m., for the following: An Order pursuant to FRCP Rule 37 (a)(3), (4) and (5),

compelling the defendant City of New York ("City") to provide supplemental and

complete good faith responses to the "PLAINTIFF'S FIRST SET OF

INTERROGATORIES TO DEFENDANTS" and "PLAINTIFF'S FIRST REQUEST

FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS" dated March 23,

2008, and served upon the City's counsel on or about March 31, 2008; and/or sanctioning

the City for its willful failure to provide complete, proper and/or good faith responses;

and/or ordering that the City pay the plaintiff's reasonable expenses and attorney's fees

incurred in the making of the instant motion.

Dated:          Brooklyn, New York
                July 28, 2008

                                        Law Offices of Wale Mosaku, P.C.


                                        By:             /s/

                                        Wale Mosaku, Esq. (AM 5872)
                                        Attorney for the Plaintiff
                                        25 Bond Street, 3rd Floor
                                        Brooklyn, N.Y. 11201

(718) 243-0994

TO:

Joyce Campbell Priveterre, Esq.
Assistant Corporation Counsel
City of New York Law Department
Attorneys for Defendant(s)
100 Church Street
New York, N.Y. 10007
(212) 788-1277

AFFIRMATION OF SERVICE

State of New York

               ss.:

County of Kings

I, the undersigned, an attorney duly admitted to practice in the State of New York, with offices at 25 Bond Street, 3rd Floor, Brooklyn, New York, 11201, affirm as follows as under penalties of perjury pursuant to 28 U.S.C. §1746:

On July 28, 2008, I personally caused to be served the within, NOTICE OF MOTION.

/<u>XX</u>/     **SERVICE VIA ECF:** by serving a copy upon each of the following person(s) at the last known address set forth after each name below.

Joyce Campbell Priveterre, Esq.
Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, N.Y. 10007

Dated: Brooklyn, New York
      July 28, 2008

/s/

_____
WALE MOSAKU

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------x
CLIFTON THOMAS,

                   Plaintiff,

    -against-


THE CITY OF NEW YORK and
POLICE OFFICERS JOHN DOE 1-6,

                   Defendants.
--------------------------------------------------x



COMPLAINT

JURY DEMAND

CLIFTON THOMAS, by his attorney(s), THE LAW OFFICES OF WALE MOSAKU,

P.C., complaining of the defendants, The City of New York and Police Officers John Doe

1-6 (hereinafter collectively and individually referred to as the Defendant(s)), upon

information and belief alleges as follows:

NATURE OF THE ACTION

1.       This is an action at law to redress the deprivation of rights secured to
the plaintiff under color of statute, ordinance, regulation, custom,
and/or to redress the deprivation of rights, privileges, and immunities
secured to the plaintiff by the Fourth, Fifth and Fourteenth
Amendments to the Constitution of the United States, and by Title 42
U.S.C. § 1983 [and § 1985], [and arising under the law and statutes
of the State of New York].

JURISDICTION

2.       The jurisdiction of this Court in invoked pursuant to 42 U.S.C.
Section 1983, 28 U.S.C. Section 1343, and 28 U.S.C. Section 1331,
and under the Fourth, Fifth, and Fourteenth Amendments to the
United States Constitution.

3.       All causes of action not relying exclusively on the aforementioned
federal causes of action as a basis of this Court's jurisdiction are
based on the Court's supplemental jurisdiction pursuant to 28 U.S.C.
§1367 to hear state law causes of action. The events, parties,

transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4.      As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

THE PARTIES

5.      Plaintiff is a resident of the County of Bronx, City and State of New York, United States of America. Plaintiff is a black male of full age.

6.      At all relevant times, Police Officers John Doe 1-6 (hereinafter "defendant officers") were, upon information and belief, and still are, police officers of the Police Department of the City of New York.

7.      At all times herein, defendant officers were employed as police officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department.

8.      At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers through it's Police Department, namely New York City Police Department, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

9.      Plaintiff sues all defendants in their individual and official capacities.

SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

10.     All conditions precedent to filing of this action have been complied with; on June 4, 2007, within ninety days after the claims alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff, was served upon the defendant City of New York by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. Plaintiff's claim was assigned Claim No. 2007PI016456.

11.     At least thirty days have elapsed since the service of the above-mentioned notices of claim, and adjustment or payment of the claim has been neglected or refused.

12.     This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.     Upon information and belief, on or about March 8, 2007, between the hours of 02:00 p.m. and 05:00 p.m., the plaintiff was falsely arrested without probable cause by defendant officers, ostensibly for perpetrating the crime/offense of possession and/or sale of marijuana.

14.     The defendant officers knew that the plaintiff had not committed the offenses he was accused of.

15.     That on or about March 8, 2007, the plaintiff, who at the time was supervising renovation work that was taking place at 917 Summit Avenue, Bronx, New York (subject premises), had been approached at his home (909 Summit Avenue, Bronx, New York) and informed by one of his workers that the police officers were within the premises and in the process of arresting his workers at the subject premises.

16.     That as such, the plaintiff hurried over to the subject premises to speak to the police officers.

17.      That upon arriving at the subject premises, the plaintiff identified himself as the person who was supervising the renovation work that was taking place within the subject premises.

18.      That the defendant officers, after having obtained identification from the plaintiff, without an iota of probable cause, then placed the plaintiff under arrest.

19.      At the time plaintiff was arrested, he protested to and informed defendant officers that he had committed no crime or offense and offered to prove his innocence. However the defendant officers refused to pay any attention to plaintiff's entreaties, and arrested plaintiff in wanton and malicious disregard for the truth.

20.      At the 44th police precinct of the city of New York, plaintiff was fingerprinted and photographed.

21.      That the plaintiff was arraigned before a judge on or about March 11, 2007, and released on his own recognizance.

22.      Plaintiff was caused to make at least four (4) appearances in New York City Criminal Court, in Bronx County.

23.      That the case against plaintiff was dismissed, and sealed pursuant to CPL 160.50.

## FIRST CAUSE OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT

24.      By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 23 of this complaint as though fully set forth herein.

25.      The arrest, detention and imprisonment of plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

26.      As a result of plaintiff's false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur

legal expenses, and has been otherwise damaged in his character and reputation.

27.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

28.     The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

29.     This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION

30.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 29 of this complaint as though fully set forth herein.

31.     There was absolutely no probable cause for the defendant officers to arrest the plaintiff for the above-referenced crimes at the above-referenced scene of the arrest.

32.     The commencement and prosecution of the criminal judicial proceedings against the plaintiff, including the arrest, the imprisonment, and the charges against plaintiff were committed by or at the insistence of the defendants without probable cause or legal justification and with malice.

33.     The criminal judicial proceedings initiated against the plaintiff was terminated in plaintiff's favor.

34.     The arrest, imprisonment and prosecution of the plaintiff was malicious and unlawful because the plaintiff had committed no crime and there was no probable cause to believe that the plaintiff had committed a crime.

35.     The defendants actions were intentional, unwarranted and in violation of the law. The individual defendants had full knowledge that the

charges made before the Court against the plaintiff were false and untrue.

36. As a consequence of the malicious prosecutions by the defendants, plaintiff incurred attorneys fees, suffered humiliation, mental anguish, loss of wages from work, and his constitutional rights were violated.

37. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

38. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS: DEPRIVATION OF CIVIL RIGHTS

39. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 38 of this complaint as though fully set forth herein.

40. The defendant officers acted under color of law, in their official capacity, and their acts were performed under color of the statutes and ordinances, customs and practices of the City of New York.

41. The conduct of the defendants deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a) The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of the plaintiff to be promptly informed of the nature and cause of the accusation against him, secured to him under the Sixth and Fourteenth Amendments to the Constitution of the United States.

(c) The right of plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the

6

laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(d)     The right to be free from unreasonable detention and/or continued detention without probable cause in that plaintiff was unlawfully detained for approximately (3) days.

42.     At all times relevant to this complaint, defendant officers, as police officers of the City of New York, were acting under the direction and control of defendant City of New York, and were acting pursuant to the official policy, practice, or custom of the City of New York. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

43.     Acting under color of law and pursuant to official policy, practice, or custom, defendant City of New York intentionally, knowingly, negligently and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, defendant officers in their duties, to refrain from unlawfully and maliciously arresting and imprisoning citizens. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

44.     Acting under color of law and pursuant to official policy, practice, or custom, defendant City of New York intentionally, knowingly, negligently and recklessly failed to instruct, train, and supervise defendant officers on a continuing basis in the correct procedure for making an arrest. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

45.     Defendant City of New York had knowledge, or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed. Defendant City of New York had power to prevent or aid in

preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, negligently or recklessly failed or refused to do so. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

46.     Defendant City of New York, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendant officers as heretofore described. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

47.     As a direct and proximate result of the acts of the defendants as set forth herein, plaintiff suffered physical injury, medical expenses, lost wages, and severe mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

48.     The acts of the defendants as set forth above were wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive and compensatory damages against each of them, individually and severally.

WHEREFORE, plaintiff respectfully prays judgment as follows:

1.     For compensatory damages against all defendants in an amount to be proven at trial;

2.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3.     For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4.     For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: **Brooklyn**, New York
      November 23, 2007

LAW OFFICES OF WALE MOSAKU, P.C.

By:

Wale Mosaku, Esq. (AM 5872)
Attorney for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLIFTON THOMAS,

Plaintiff(s),


-against-


THE CITY OF NEW YORK and
POLICE OFFICERS JOHN DOE 1-6,

Defendant(s).

---

### COMPLAINT

---

LAW OFFICES OF WALE MOSAKU, P.C.
Attorney(s) for Plaintiff(s)
25 Bond Street, 3rd Floor
Brooklyn, New York 11201
(718) 243-0994

---

To:

Service of a copy of the within
is hereby admitted.

Dated:................ 200_


Attorney(s) for Defendants

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CLIFTON THOMAS,

**ANSWER**

                     Plaintiff,

              -against-

THE CITY OF NEW YORK, and POLICE OFFICERS    **07 CV 11425 (RWS)(THK)**
JOHN DOE 1-6,

**Jury Trial Demanded**

                    Defendants.

------------------------------------------------------------------------ x

        Defendant City of New York ("City"), b y its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, alleges upon information and belief as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

        5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.      Denies the allegations set forth in paragraph "8" of the complaint, except admits that defendant City is a municipal entity that maintains a Police Department and respectfully refers the Court to the New York State Charter.

9.      Denies the allegations set forth in paragraph "9" of the complaint, except admits that plaintiff purports to proceed as stated therein.

10.     Denies the allegations set forth in paragraph "10" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the New York City Office of the Comptroller.

11.     Denies the allegations set forth in paragraph "11" of the complaint, except admit that no payment or adjustment has been made by the City.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff filed a complaint on or about December 20, 2007.

13.     Denies the allegations set forth in paragraph "13" of the complaint.

14.     Denies the allegations set forth in paragraph "14" of the complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.     Denies the allegations set forth in paragraph "18" of the complaint.

19.     Denies the allegations set forth in paragraph "19" of the complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.     In response to the allegations set forth in paragraph "24" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

25.    Denies the allegations set forth in paragraph "25" of the complaint.

26.    Denies the allegations set forth in paragraph "26" of the complaint.

27.    Denies the allegations set forth in paragraph "27" of the complaint.

28.    Denies the allegations set forth in paragraph "28" of the complaint.

29.    Denies the allegations set forth in paragraph "29" of the complaint.

30.    In response to the allegations set forth in paragraph "30" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

31.    Denies the allegations set forth in paragraph "31" of the complaint.

32.    Denies the allegations set forth in paragraph "32" of the complaint.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34.    Denies the allegations set forth in paragraph "34" of the complaint.

35.    Denies the allegations set forth in paragraph "35" of the complaint.

36.    Denies the allegations set forth in paragraph "36" of the complaint.

37.    Denies the allegations set forth in paragraph "37" of the complaint, except admits that plaintiff purports to proceed as stated therein.

38.    Denies the allegations set forth in paragraph "38" of the.

39.     In response to the allegations set forth in paragraph "39" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

40.     Denies the allegations set forth in paragraph "40" of the complaint.

41.     Denies the allegations set forth in paragraph "41" of the complaint, including all of its subparts.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43.     Denies the allegations set forth in paragraph "43" of the complaint.

44.     Denies the allegations set forth in paragraph "44" of the complaint.

45.     Denies the allegations set forth in paragraph "45" of the complaint.

46.     Denies the allegations set forth in paragraph "46" of the complaint.

47.     Denies the allegations set forth in paragraph "47" of the complaint.

48.     Denies the allegations set forth in paragraph "48" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

49.     The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

50.     Any injuries alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of a third party and were not the proximate result of any act of the defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

51.     Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

52.     Plaintiff may not recover punitive damages against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

53.     There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

54.     At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

55.    Plaintiff may have failed to comply with General Municipal Law §50-i and, accordingly, any claims arising under the laws of the state of New York may be barred.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

56.    Plaintiff may have failed to satisfy all conditions precedent to suit.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          March 31, 2008

                                 MICHAEL A. CARDOZO
                                 Corporation Counsel of the
                                     City of New York
                                 *Attorney for Defendant City of New York*
                                 100 Church Street, Room 3-148
                                 New York, New York  10007
                                 (212) 788-8343

                                 By
                                    Joyce Campbell Priveterre (JCP 1846)
                                    Assistant Corporation Counsel


TO:  Wale Mosaku, Esq. (by ECF and Mail)
     *Attorney for Plaintiff*
     25 Bond Street, 3rd Floor
     Brooklyn, New York 11201

Index No. **07 CV 11425 (RWS) (THK)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLIFTON THOMAS,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK,  and POLICE
OFFICERS JOHN DOE 1-6,

                                        Defendants.

# ANSWER

**_MICHAEL A. CARDOZO_**
_Corporation Counsel of the City of New York_
Attorney for Defendant
100 Church Street
New York, N.Y.  10007

_Of Counsel:_   Joyce Campbell Privéterre
_Tel:  (212) 788-1277_

_NYCLIS No._

_Due and timely service is hereby admitted._

New York, N.Y.   March 31 , 2008

Jyce Campbell Privét Esq.

Attorney for          City

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CLIFTON THOMAS,

                               Plaintiff,           CV O7 11425 (RWS)

       -against-

                                          PLAINTIFF'S FIRST SET
                                          OF INTERROGATORIES
                                          TO DEFENDANTS

THE CITY OF NEW YORK and
POLICE OFFICERS JOHN DOE 1-6,
                               Defendants.
-----------------------------------------------------------------------X

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the local Civil Rules of the Southern District of New York, plaintiff CLIFTON THOMAS, by his attorney(s), Law Offices of Wale Mosaku, P.C., hereby requests that the defendant CITY OF NEW YORK answer the following interrogatories, separately and fully, in writing, under oath, within 30 days from the date of service. All interrogatories are addressed and/or in connection with the arrest of the plaintiff that occurred on or about March 8, 2007, and is more fully described in the Complaint on file herein. These interrogatories shall be deemed continuing, and the responses shall be amended or supplemented as provided in Rule 26(e) of the Federal Rules of Civil Procedure.

I.

DEFINITIONS

The definitions set forth in Southern District of New York Local Civil Rules are applicable to these requests. In addition, the phrase "defendants" means the "City of New York" (hereinafter "CITY"), any applicable and relevant department of defendant city, or any officer, agent, current employee or former employee of the defendant city.

II.

INSTRUCTIONS

1.       In answering these interrogatories, you are requested to furnish all information known or available to you regardless of whether this information is possessed: directly by you, your agents, employees, representatives or

investigators; or by your affiliates, predecessors or other legal entities controlled by or in any manner affiliated with you.

   2.      If any of these interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge or belief you have concerning the unanswered portion.

   3.   These interrogatories are continuing interrogatories. If, at any time after the service of the initial answer hereto and prior to the trial of this action, you obtain additional information responsive to these interrogatories, you are required to promptly supplement or amend your answers hereto.

   4.  If any information is claimed to be immune from discovery on the ground of privilege, describe the basis of the privilege claimed and describe the information alleged to be privileged in detail sufficient to enable the Court to decide if the privilege has been properly invoked.

III.

<u>INTERROGATORIES</u>

1.      Please identify the person(s) answering these interrogatories and any other person(s) who assisted in answering these Interrogatories.

2.      Identify any and all persons who made and/or participated in making the decision to arrest the plaintiff on March 8, 2007.

3.      Identify by name, precinct and badge number, any and all New York City police officers and/or employees who participated in the arrest of the plaintiff on March 8, 2007.

4.      Identify all New York City police officers, by badge number, rank and precinct, who were present and/or involved in the arrest of the plaintiff on March 8, 2007.

5.      Please identify any and all information or evidence relied upon in arresting the plaintiff on March 8, 2007.

6.      Please identify the reason(s) why the plaintiff was arrested on September March 8, 2007.

7.     Please identify the manner in which the attention of the arresting officer(s) was/were directed to the fact that the plaintiff had purportedly committed the offence(s) for which he was arrested on March 8, 2007.

8.     Please identify the address and location at which plaintiff was arrested on March 8, 2007.

9.     Was a warrant issued authorizing and/or permitting the arrest of the plaintiff on March 8, 2007?

10.    If the answer to Interrogatory 9 is "yes", please identify any and all warrants authorizing and/or permitting the arrest of the plaintiff on March 8, 2007. Further identify all supporting affidavits that were executed or sworn to in connection with said warrant.

11.    Please identify the precise and exact amount of time that elapsed from when the plaintiff was first arrested and when he was released from detention.

12.    Identify any and/or all disciplinary actions taken against any and all arresting officers, during the course of his/her/their employment by Defendant City of New York's Police Department.

13.    Identify any and/or all complaints made by members of the public against any and all arresting officers, during the course of his/her/their employment by Defendant City of New York's Police Department. Further identify the entity(ies) to whom said complaint(s) were made and the disposition of said complaints.

14.    Identify any and/or all written and/or oral warnings given to any and all arresting officers, during the course of his/her/their employment by Defendant City of New York's Police Department.

15.    Has/have any and all arresting officers ever been the subject of any New York City Police Department Internal Affairs Bureau (IAB) investigation(s)?

16.    If the answer to Interrogatory # 15 is yes, identify any and all documents, including complaints, investigations and determinations made by the IAB with respect to each and every such investigation.

17.    Has/have any and all arresting officers ever been the subject of any Civilian Complaint Review Board (CCRB) investigations?

18. If the answer to Interrogatory #17 is yes, identify any and all documents, including complaints, investigations and determinations made by the CCRB with respect to each and every such investigation.

19. Please identify and/or describe all information, documents, things and/or evidence known to you to exist which substantiates any element of the offences for which the plaintiff was arrested on March 8, 2007.

Dated:     Brooklyn, New York
           March 27, 2008

                                    Law Offices of Wale Mosaku, P.C.


                                    By:            /s/

                                    Wale Mosaku, Esq. (AM 5872)
                                    Attorney for the Plaintiff
                                    25 Bond Street, 3rd Floor
                                    Brooklyn, N.Y. 11201
                                    (718) 243-0994

TO:

Joyce Campbell Priveterre, Esq.
Assistant Corporation Counsel
City of New York Law Department
Attorneys for Defendant(s)
100 Church Street
New York, N.Y. 10007
(212) 788-1277

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CLIFTON THOMAS,

                                        Plaintiff,                    CV O7 11425 (RWS)


            -against-

                                                                      PLAINTIFF'S FIRST
                                                                      REQUEST FOR THE
                                                                      PRODUCTION OF
                                                                      DOCUMENTS TO
                                                                      DEFENDANTS


THE CITY OF NEW YORK and
POLICE OFFICERS JOHN DOE 1-6,
                                        Defendants.
----------------------------------------------------------------------X

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the local Civil

Rules of the United States District Court for the Southern District of New York, plaintiff

CLIFTON THOMAS, by his attorney(s), Law Offices of Wale Mosaku, P.C., hereby

requests that the defendant CITY OF NEW YORK produce for inspection and copying

the documents (as hereinafter defined) designated herein within thirty days from the date

of service of this notice. Inspection shall take place at the Law Offices of Wale Mosaku,

P.C., attorney(s) for the plaintiff, at 25 Bond Street, 3rd Floor, Brooklyn, New York

11201.

I.

DEFINITIONS

The definitions set forth in Southern District of New York Local Civil Rules are

applicable to these requests. In addition, the phrase "defendants" means the "City of New

York" (hereinafter "CITY), any applicable and relevant department of defendant city, or

any officer, agent, current employee or former employee of the defendant city.

II.

INSTRUCTIONS

1.      In producing these documents, you are required to furnish all documents

        known or available to you regardless of whether the documents are

        possessed directly by you, your agents, employees, representatives or

investigators; by your present or former attorneys or their agents, employees, representatives or investigators; or by your affiliates, predecessors or other legal entities controlled by or in any manner affiliated with you.

2. If any of the documents cannot be produced in full, produce to the extent possible, specifying the reasons for the inability to produce the remainder.

3. This document request is a continuing one. If, after producing documents you obtain or become aware of any further documents responsive to this request, you are required to produce such additional documents.

4. If any document is claimed to be immune from production because of privilege, provide the following information with respect to each such document:

    (a) Type of document (e.g., letter, memorandum, etc.)

    (b) Name of author or preparer.

    (c) Name of recipient.

    (d) Date of recording or preparation.

    (e) Description of subject-matter and content of document sufficient to identify it.

    (f) The reason for the claim of privilege.

5. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, documents should be organized and labeled to correspond with the categories in the request.

III

DOCUMENT REQUESTS

1. Copies of all documents identified in response to interrogatory number 5.

2. Copies of all documents identified in response to interrogatory number 10.

3. Copies of all documents identified in response to interrogatory number 12.

4. Copies of all documents identified in response to interrogatory number 13.

5. Copies of all documents identified in response to interrogatory number 14.

6. Copies of all documents identified in response to interrogatory number 16.

7. Copies of all documents identified in response to interrogatory number 18.

8.      Copies of all documents identified in response to interrogatory number 19.

9.      A true and correct copy of the contents of the Memo Book/incident notes/incident report of each and all arresting officers, pertaining to the arrest of the plaintiff on March 8, 2007, including the circumstances surrounding said arrest, and the reason(s)/basis for said arrest.

10.     True copies of the complete and entire official New York City Police Department file(s), including but not limited to the arresting officer(s) memo book notations, "Complaint Report(s)", "Complaint Follow-Up Report(s)", "U.F. 61" and "D.D. 5", pertaining to the investigation and arrest of the plaintiff on March 8, 2007.

11.     True copies of the complete and entire official Bronx County District Attorney file, pertaining to the investigation and prosecution of the plaintiff, with respect to the plaintiff's arrest on March 8, 2007.

12.     True copies of the complete and entire official Bronx County Supreme/Criminal Court file, pertaining to the prosecution of the plaintiff, following the plaintiff's arrest on March 8, 2007.

13.     True copies of any and all written and/or recorded statements obtained from any and all persons and/or witnesses, and pertaining to the investigation and prosecution of the plaintiff, with respect to the plaintiff's arrest on March 8, 2007.

14.     A true and correct copy of any and all documents that the defendants will offer into evidence, or rely upon, at the time of the trial of this action.

Dated:      Brooklyn, New York
            March 27, 2008

                        Law Offices of Wale Mosaku, P.C.


                        By:         /s/

                        Wale Mosaku, Esq. (AM 5872)
                        Attorney for the Plaintiff
                        25 Bond Street, 3rd Floor
                        Brooklyn, N.Y. 11201
                        (718) 243-0994

TO:

Joyce Campbell Priveterre, Esq.
Assistant Corporation Counsel
City of New York Law Department
Attorneys for Defendant(s)
100 Church Street
New York, N.Y. 10007
(212) 788-1277

# WALE MOSAKU, P.C.

## LAW OFFICES

25 BOND STREET, 3RD FLOOR

BROOKLYN, NEW YORK 11201

(718) 243-0994  Fax: (718) 243-9148

May 6, 2008

BY FACSIMILE @ (212) 788-9776 and FIRST CLASS MAIL

Joyce Campbell Privettere, Esq.
Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, N.Y. 10007

Re:    Clifton Thomas v. City of New York, et al
       07 CV 11425 (RWS)

Dear Ms. Privettere:

As you are aware, this office served upon you, on March 31, 2008, the following discovery demands: PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS; PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS.

We did not receive any response(s), the time to respond has expired, and no extension was sought or given. As such, the plaintiff will deem all objections to said demands waived. Kindly provide a response to said demands within five (5) business days.

In the event said responses are not received by close of business on May 13, 2008, the plaintiff will immediately move for appropriate judicial intervention.

Kindly consider this letter the plaintiff's fulfillment of his obligation to "meet and confer", pursuant to the applicable rules.

Very truly yours,

WALE MOSAKU

AM/ms

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

CLIFTON THOMAS,

Plaintiff,

-against-

THE CITY OF NEW YORK and POLICE OFFICERS
JOHN DOE 1-6,

Defendants.

-------------------------------------------------------------------- x

**DEFENDANT'S
RESPONSES AND
OBJECTIONS TO
PLAINTIFF'S FIRST
SET OF
INTERROGATORIES
AND FIRST REQUEST
FOR THE
PRODUCTION OF
<u>DOCUMENTS</u>**

CV 07 11425 (RWS)

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, defendant City of New York responds and objects to plaintiff's First Set of Interrogatories and First Request for the Production of Documents as follows:

## <u>GENERAL STATEMENT</u>

1.    By responding to any request, defendant does not concede the materiality of the subject to which it refers. Defendant's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.    Defendant objects to this Interrogatory and Document Request to the extent that it demands documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3.    Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery,

shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.      Defendant objects in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.      Defendant further objects in the entirety to the interrogatories to the extent that they seek the home address of individuals identified by the defendant in response to the Interrogatories.

6.      With respect to the request for the production of documents, defendant will provide, under separate cover, a privilege index.

7.      Defendant is continuing to search for information responsive to plaintiff's requests and therefore reserves the right to supplement its response to each request with additional information, if and when such information becomes available to defendant's counsel. Defendant also reserves the right to object to the future disclosure of any such information.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify the person(s) answering these interrogatories and any other person(s) who assisted in answering these Interrogatories.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, and to the extent that it is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendant states that Assistant Corporation Counsel Joyce Campbell Privéterre prepared these responses.

### INTERROGATORY NO. 2:

Identify any and all persons who made and/or participated in making the decision to arrest the plaintiff on March 8, 2007.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and to the extent that it seeks information that is equally available to plaintiff. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, defendant refers plaintiff to its Initial Disclosures, dated April 25, 2008, for information responsive to this request. Defendant further states that it is searching for information responsive to this request and reserves its right to supplement this response.

### INTERROGATORY NO. 3:

Identify by name, precinct and badge number, any and all New York City police officers and/or employees who participated in the arrest of the plaintiff on March 8, 2007.

- 3 -

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

See Objection and Response to Interrogatory No. 2.

**INTERROGATORY NO. 4:**

Identify all New York City police officers, by badge number, rank and precinct, who were present and/or involved in the arrest of the plaintiff on March 8, 2007.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

See Objection and Response to Interrogatory No. 2.

**INTERROGATORY NO. 5:**

Please identify any and all information or evidence relied upon in arresting the plaintiff on March 8, 2007.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and to the extent that there is a more practical method of obtaining the information sought. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, defendant refers plaintiff to its Initial Disclosures, dated April 25, 2008, for information responsive to this request. Defendant further states that it is searching for information responsive to this request and reserves its right to supplement this response.

**INTERROGATORY NO. 6:**

Please identify the reason(s) why the plaintiff was arrested on September March 8, 2007.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

See Objection and Response to Interrogatory No. 5.

**INTERROGATORY NO. 7:**

Please identify the manner in which the attention of the arresting officer(s) was/were directed to the fact that the plaintiff had purportedly committed the offence(s) for which he was arrested on March 8, 2007.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, seeks information that is overbroad, incomprehensible, and to the extent that it is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that there is a more practical and less burdensome method of obtaining the information sought, to wit: a deposition of the arresting officer.

**INTERROGATORY NO. 8:**

Please identify the address and location at which plaintiff was arrested on March 8, 2007.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and to the extent that there is a more practical method of obtaining the information sought. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, defendant refers plaintiff to its Initial Disclosures, dated April 25, 2008, for information responsive to this request. Defendant further states that it is searching for information responsive to this request and reserves its right to supplement this response.

**INTERROGATORY NO. 9:**

Was a warrant issued authorizing and/or permitting the arrest of the plaintiff on March 8, 2007?

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, and there is a more practical method of obtaining the information sought. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendant states that it is continuing to search for further information responsive to this interrogatory, if any.

**INTERROGATORY NO. 10:**

If the answer to Interrogatory 9 is "yes", please identify any and all warrants authorizing and/or permitting the arrest of the plaintiff on March 8, 2007. Further identify all supporting affidavits that were executed or sworn to in connection with said warrant.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:**

See Objection and Response to Interrogatory No. 9.

**INTERROGATORY NO. 11:**

Please identify the precise and exact amount of time that elapsed from when the plaintiff was first arrested and when he was released from detention.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, and already known to plaintiff himself. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendant states that it is continuing to search for further information responsive to this interrogatory, if any.

**INTERROGATORY NO. 12:**

Identify any and/or all disciplinary actions taken against any and all arresting officers, during the course of his/her/their employment by Defendant City of New York's Police Department.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, is not sufficiently limited in time, seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence or which may be privileged, invades the privacy rights of non-parties, and constitutes an unwarranted invasion into the defendant officers' privacy. Notwithstanding, and without waiving, or in any way limiting these objections or the General Objections, if defendant will identify substantiated allegations pertaining to disciplinary actions of a similar nature to the allegations made in the complaint, or false statements within the past 10 years made against the arresting officer, subject to the execution of an appropriate Stipulation and Protective Order

**INTERROGATORY NO. 13:**

Identify any and/or all complaints made by members of the public against any and all arresting officers, during the course of his/her/their employment by Defendant City of New York's Police Department. Further identify the entity(ies) to whom said complaint(s) were made and the disposition of said complaints.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 13:**

See Objection and Response to Interrogatory No. 12.

**INTERROGATORY NO. 14:**

Identify any and/or all written and/or oral warnings given to any and all arresting officers, during the course of his/her/their employment by Defendant City of New York's Police Department.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 14:**

See Objection and Response to Interrogatory No. 12.

**INTERROGATORY NO. 15:**

Has/have any and all arresting officers ever been the subject of any New York City Police Department Internal Affairs Bureau (IAB) investigation(s)?

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 15:**

See Objection and Response to Interrogatory No. 12.

**INTERROGATORY NO. 16:**

If the answer to Interrogatory # 15 is yes, identify any and all documents, including complaints, investigations and determinations made by the IAB with respect to each and every such investigation.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 16:**

See Objection and Response to Interrogatory No. 12.

**INTERROGATORY NO. 17:**

Has/have any and all arresting officers ever been the subject of any Civilian Complaint Review Board (CCRB) investigations?

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 17:**

See Objection and Response to Interrogatory No. 12.

## INTERROGATORY NO. 18:

If the answer to Interrogatory #17 is yes, identify any and all documents, including complaints, investigations and determinations made by the CCRB with respect to each and every such investigation.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 18:

See Objection and Response to Interrogatory No. 12.

## INTERROGATORY NO. 19:

Please identify and/or describe all information, documents, things and/or evidence known to you to exist which substantiates any element of the offences for which the plaintiff was arrested on March 8, 2007.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 19:

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and to the extent that it seeks information that is equally available to plaintiff. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, defendant refers plaintiff to its Initial Disclosures, dated April 25, 2008, for information responsive to this request. Defendant further states that it is searching for information responsive to this request and reserves its right to supplement this response.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Copies of all documents identified in response to interrogatory number 5.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

See Objection and Response to Interrogatory No. 5.

### DOCUMENT REQUEST NO. 2:

Copies of all documents identified in response to interrogatory number 10.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:

See Objection and Response to Interrogatory No. 10.

### DOCUMENT REQUEST NO. 3:

Copies of all documents identified in response to interrogatory number 12.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:

See Objection and Response to Interrogatory No. 12.

### DOCUMENT REQUEST NO. 4:

Copies of all documents identified in response to interrogatory number 13.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:

See Objection and Response to Interrogatory No. 13.

### DOCUMENT REQUEST NO. 5:

Copies of all documents identified in response to interrogatory number 14.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:

See Objection and Response to Interrogatory No. 14.

### DOCUMENT REQUEST NO. 6:

Copies of all documents identified in response to interrogatory number 16.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:

See Objection and Response to Interrogatory No. 16.

## DOCUMENT REQUEST NO. 7:

Copies of all documents identified in response to interrogatory number 18.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:

See Objection and Response to Interrogatory No. 18.

## DOCUMENT REQUEST NO. 8:

Copies of all documents identified in response to interrogatory number 19.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:

See Objection and Response to Interrogatory No. 19.

## DOCUMENT REQUEST NO. 9:

A true and correct copy of the contents of the Memo Book/incident notes/incident report of each and all arresting officers, pertaining to the arrest of the plaintiff on March 8, 2007, including the circumstances surrounding said arrest, and the reason(s)/basis for said arrest.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:

Defendant objects to this Document Request on the grounds that it is vague, ambiguous, duplicative, and overbroad. Notwithstanding and without waiving, or in any way limiting the these objections or the General Objections, defendant is continuing to search for information responsive to this request, if any.

## DOCUMENT REQUEST NO. 10:

True copies of the complete and entire official New York City Police Department file(s), including but not limited to the arresting officer(s) memo book notations, "Complaint Report(s)", "Complaint Follow-Up Report(s)", "U.F. 61" and "D.D. 5", pertaining to the investigation and arrest of the plaintiff on March 8, 2007.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

See Objection and Response to Document No. 9.

**DOCUMENT REQUEST NO. 11:**

True copies of the complete and entire official Bronx County District Attorney file, pertaining to the investigation and prosecution of the plaintiff, with respect to the plaintiff's arrest on March 8, 2007.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendant objects to this Document Request on the grounds that it is vague, ambiguous, duplicative, and overbroad. Defendant further objects to this request because it seeks documents that are not in defendant's custody, possession or control. Notwithstanding and without waiving, or in any way limiting the these objections or the General Objections, defendants are continuing to search for information responsive to this request, if any.

**DOCUMENT REQUEST NO. 12:**

True copies of the complete and entire official Bronx County Supreme/Criminal Court file, pertaining to the prosecution of the plaintiff, following the plaintiff's arrest on March 8, 2007.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

See Objection and Response to Document Request No. 11.

**DOCUMENT REQUEST NO. 13:**

True copies of any and all written and/or recorded statements obtained from any and all persons and/or witnesses, and pertaining to the investigation and prosecution of the plaintiff, with respect to the plaintiff's arrest on March 8, 2007.

- 12 -

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:

See Objection and Response to Document Request No. 11.

## DOCUMENT REQUEST NO. 14:

A true and correct copy of any and all documents that the defendants will offer into evidence, or rely upon, at the time of the trial of this action.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:

Defendant objects to this Document Request on the grounds that it is vague, ambiguous, overbroad, to the extent that it is premature, and the extent it seeks information protected from disclosure by the attorney work product privilege. Notwithstanding, and without waiving these objections and the General Objections, defendant refers plaintiff to its Initial Disclosures, dated April 25, 2008, and states that it is continuing to search for responsive documents. Defendant further states that it will comply with the all pre-trial disclosure requirements in accordance with the Federal and Local Rules.

Dated:      New York, New York
            May 22, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                         City of New York
                        Attorney for Defendants
                        100 Church Street, Room 3-148
                        New York, New York 10007
                        (212) 788-1277

            By:     _____
                        JOYCE CAMPBELL PRIVETERRE
                        Assistant Corporation Counsel

- 13 -

TO:    LAW OFFICES OF WALE MOSAKU, P.C.
       WALE MOSAKU, ESQ. (AM 5872)
       Attorney for Plaintiff
       25 Bond Street, 3rd Floor
       Brooklyn, N.Y. 11201
       (718) 243-0994

# WALE MOSAKU, P.C.
## LAW OFFICES
25 BOND STREET, 3RD FLOOR
BROOKLYN, NEW YORK 11201

(718) 243-0994  Fax: (718) 243-9148

May 28, 2008

BY HAND DELIVERY

Joyce Campbell Privettere, Esq.
Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, N.Y. 10007

Re:    Clifton Thomas v. City of New York, et al
       07 CV 11425 (RWS)

Dear Ms. Privettere:

This will acknowledge receipt of the "Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories and First request for the Production of Documents" dated May 22, 2008.

This letter will serve as the Plaintiff's Objections and Responses to the "Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories and First request for the Production of Documents".

Firstly, as indicated in my letter to you dated May 6, 2008, due to the fact that the City's responses are untimely, the plaintiff considers all objections to his above-referenced demands waived.

As such, kindly provide further responses to said demands, within ten (10) business days of your receipt of this letter, as follows:

a.    Response to Interrogatory 1: Contrary to Rule 33(b)(1) of the Rules of Civil Procedure (FRCP), the purported responses are not verified under oath by your client's representative. Kindly provide a supplemental response within ten (10) business days containing the requested verification(s). As you are aware, attorneys are not parties to the instant action.

b.    Response to Interrogator(ies) 2, 3 and 4: Kindly provide a supplemental response within ten (10) business days containing the requested information. This information is especially crucial, in light of the fact that you are alleging that the designated arresting officer is currently on a military tour of duty in Iraq.

Page 2
Joyce Campbell Priveterre, Esq.
May 28, 2008

c. Response to Interrogatory 5: Kindly provide a supplemental response within ten (10) business days containing the requested information. As understood from the document Bates numbered "NYC 1", the designated arresting officer alleges that the plaintiff was in possession of a "large quantity of Marijuana". Kindly provide more specific information related thereto, for instance, the specific quantity seized, etc.

d. Response to Interrogator(ies) 9 and10: Kindly provide a supplemental response within ten (10) business days containing the requested information. This information is particularly important, in light of the fact that the plaintiff was arrested while lawfully within the premises known as 917 Summit Avenue, Bronx, New York.

e. Response to Interrogatory 10: Kindly provide a supplemental response within ten (10) business days containing the requested information. NYPD records that would contain the requested information have not been provided.

f. Response to Interrogator(ies) 12, 13, 14, 15, 16, 17 and18: Kindly provide a supplemental response within ten (10) business days containing the requested information[1].

g. Response to Document Request(s) 9 and 10: Kindly provide a supplemental response within ten (10) business days containing the requested information.

h. Response to Document Request(s) 11: Kindly provide a supplemental response within ten (10) business days containing the requested information. As you are aware, the City represents the Bronx County District Attorney's Office in matters such as the instant matter, and as such has unfettered access to said records[2].

i. Response to Document Request(s) 12: Kindly provide a supplemental response within ten (10) business days containing the requested information.[3]

j. Response to Document Request(s) 13: Kindly provide a supplemental response within ten (10) business days containing the requested information. The plaintiff alleges that numerous other person were arrested at the same time, for the same offense(s).

Kindly consider this letter the plaintiff's fulfillment of his obligation to "meet and confer", pursuant to the applicable rules.

Very truly yours,

WALE MOSAKU

---

[1] Kindly immediately forward a proposed Stipulation and Protective Order for my review.
[2] Furthermore, a duly executed CPL §160.50 authorization, which would permit the release of said records, was previously forwarded to you.
[3] Furthermore, a duly executed CPL §160.50 authorization, which would permit the release of said records, was previously forwarded to you.

# WALE MOSAKU, P.C.
### LAW OFFICES
25 BOND STREET, 3RD FLOOR
BROOKLYN, NEW YORK 11201

(718) 243-0994  Fax: (718) 243-9148

July 8, 2008

BY FACSIMILE @ (212) 788-9776

Joyce Campbell Privettere, Esq.
Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, N.Y. 10007

Re:    Clifton Thomas v. City of New York, et al
       07 CV 11425 (RWS)

Dear Ms. Privettere:

As you are aware, on May 28, 2008, I served upon you (in hand in Court), a "deficiency" letter, with respect to the "Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories and First request for the Production of Documents" dated May 22, 2008.

Pursuant to said letter, you were to have provided supplemental responses to said demands, within ten (10) business days of your receipt of the May 28, 2008 letter. That time period expired on or about June 12, 2008. We have not received a supplemental response to said demands, or indeed, any sort of response to the May 28, 2008 letter.

As such, in order not to unduly burden the Court, we request, once again, that you provide a supplemental response, by close of business on July 14, 2008. In the event said responses are not received (in hand) by close of business on July 14, 2008, the plaintiff will immediately move for appropriate judicial intervention and sanctions.

Kindly consider this letter the plaintiff's fulfillment of his obligation to "meet and confer", pursuant to the applicable rules.

Very truly yours,


WALE MOSAKU

AM/ms