UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X CV O7 11425 (RWS)
CLIFTON THOMAS,

                              Plaintiff,

      -against-                              AFFIRMATION IN SUPPORT

THE CITY OF NEW YORK and
POLICE OFFICERS JOHN DOE 1-6,

                              Defendant(s),
------------------------------------------------------------------------X

WALE MOSAKU, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under penalties of perjury:

1. I am a principal of THE LAW OFFICES OF WALE MOSAKU, P.C., the attorney(s) for the plaintiff in this matter.

2. Based on my office files and records, as well as my representation of the plaintiff in the above-captioned matter, I am fully familiar with all the facts and circumstances of this action.

3. The instant action was commenced by the filing and service, on or about December 20, 2007, of a Complaint, dated November 23, 2007 (the Honorable Court's attention is respectfully directed to the annexed Exhibit "A").

4. Issue was joined by the service of the defendant City of New York's (hereinafter "City") "Answer", dated March 31, 2008, upon the office of the undersigned (the Honorable Court's attention is respectfully directed to the annexed Exhibit "B").

5. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

6. The plaintiff alleges, *inter alia*, that on or about March 8, 2007, between the hours of 02:00 p.m. and 05:00 p.m., he was falsely arrested without probable

      cause by the City's officers, ostensibly for perpetrating the crime/offense of possession and/or sale of marijuana (see annexed Exhibit "A", at paragraphs "13" through "23").

7. The plaintiff alleges that as a result of the unlawful arrest, he was caused to spend approximately three (3) days in jail (see annexed Exhibit "A", at paragraphs "13" through "23"; and "41 (d)").

8. That on or about March 31, 2008, the plaintiff served certain discovery requests, specifically: "PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS" and "PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS", each dated March 23, 2008, upon the defendant's counsel (the Honorable Court's attention is respectfully directed to the annexed Exhibits "C" and "D").

9. The City neglected to serve timely responses to the plaintiff's above-referenced discovery demands, and as such, on or about May 6, 2008, your affirmant wrote a letter to defense counsel (the Honorable Court's attention is respectfully directed to the annexed Exhibit "E"), requesting that responses thereto be provided, on or before May 13, 2008.

10. On or about May 22, 2008, the City finally served upon the office of the undersigned, responses to the plaintiff's above-referenced discovery demands (the Honorable Court's attention is respectfully directed to the annexed Exhibit "F").

11. However, the plaintiff considered said responses deficient, and as such, on or about May 28, 2008, served upon the City's counsel[1], a "deficiency" letter, wherein the plaintiff specifically set forth his objections and responses to the City's above-referenced responses (the Honorable Court's attention is respectfully directed to the annexed Exhibit "G"), and requested a supplemental response to the above-referenced discovery demands within ten (10) business days of the City's receipt of said deficiency letter.

---

[1] Service was effected by the undersigned, upon defense counsel in Court, prior to the hearing and oral argument of the City's previous motion to stay the proceedings.

12. The City did not respond in any manner to said letter, and even though your affirmant had stated within said letter, that the service of said letter was to be deemed a fulfillment of the plaintiff's obligation to "meet and confer", prior to seeking judicial intervention, on or about July 8, 2008, your affirmant wrote <u>again</u> to defense counsel (the Honorable Court's attention is respectfully directed to the annexed Exhibit "H"), seeking supplemental responses to the plaintiff's above-referenced demands, which were required to be received by the office of the undersigned, on or before July 14, 2008.

13. The City has not provided a supplemental response as requested, nor has it deigned to even contact your affirmant with respect to the matter.

14. As such, the plaintiff was left with no choice but to seek the instant relief.

15. The instant motion is brought before this Honorable Court, pursuant to FRCP Rule 37, which sets forth the procedure wherein the plaintiff may obtain the relief sought.

16. The defendant's inexcusable delay in adequately responding to plaintiff's discovery demands has caused plaintiff prejudice, as said the defendant has deprived the plaintiff of information and documents which are absolutely necessary for the plaintiff's prosecution of this matter, including but not limited to the identification of the all officers involved in the arrest; and the provision of any and all of the City's police department paperwork pertaining to the plaintiff's arrest.

WHEREFORE, it is respectfully requested that this Court issue an Order compelling the City to provide supplemental and complete good faith responses to the "PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS" and "PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS" dated March 23, 2008[2]; and/or sanctioning the City for its willful failure to provide complete, proper and/or good faith responses; and/or ordering that the City pay the plaintiff's reasonable expenses and attorney's fees incurred in the making of the instant motion, and granting such other and further relief as this Honorable Court deems just, proper and equitable.

---

[2] As more specifically requested by Your Affirmant in the letter attached hereto as Exhibit "G".

Dated:    Brooklyn, New York
          July 28, 2008

                                    Respectfully Submitted,

                                              /s/

                                    _____
                                    WALE MOSAKU